No. 446

First Circuit

———

KRAUSSE-FOSTER CO., INC., v. RILEY

———

(May 7, 1929. Opinion and Decree.)

———

Moss and Siess, of Lake Charles, attorneys for plaintiff, appellant.

Kitchell and Boudreaux, of Abbeville, attorneys for defendant, appellee.

MOUTON, J. This suit is brought against defendant on a promissory note for $825, subject to a credit of $175 on the principal and $62.82 on the interest. The note, it is alleged, was destroyed by fire December 1, 1925.

The defendant pleads payment in full, which was maintained below. Plaintiff appeals.

The note was given for a loan of money obtained by defendant from plaintiff company. A chattel mortgage was given by defendant to plaintiff on an Oldsmobile, also a $5,000 mortgage note on his home property at Gueydan as collateral, to secure the payment of the note.

The proof shows that the Oldsmobile was turned over by defendant to plaintiff company, by which it was sold for $650. The defendant testifies that it was agreed, when he delivered the car to plaintiff for sale, that if sold by plaintiff the proceeds would be applied to the note sued upon; and that when he paid the $175, which plaintiff alleges to have received, it was in full discharge of the balance due on his obligation. He says he made the payment by draft, and that plaintiff then returned to him the $5,000 note it had taken as collateral security. The contention of plaintiff is that when it received the Oldsmobile, the understanding was that the proceeds realized from its sale would be applied to the purchase price of a new car for defendant.

Hubert E. Foster, a member of plaintiff firm, says: That defendant told him to apply the proceeds of his car on the note, but that he refused to do so. He admits, however, that the $5,000 collateral security note was returned to defendant. He explains that by saying that the note so returned was secured by a second or third mortgage, and had no particular value.

The certificate of the clerk and recorder of Vermilion parish shows that this mortgage rested on four lots in the town of Gueydan. The defendant testified it was his home property, from which it is but fair to infer that the mortgage had some value, and, if it had not, the question arises, why was it taken as collateral security by plaintiff?

There is also nothing to indicate from the certificate of the clerk, or from the record that the note was not secured by a first mortgage on the property. In explanation of this return to defendant of the $5,000 mortgage note, Foster testifies further that he gave it little attention, and felt that "Riley's personal note was sufficient." If so, it is rather difficult to understand why plaintiff company should have required, at the time of the execution of the note, a chattel mortgage on the Oldsmobile and in addition thereto the $5,000 mortgage as collateral security.

It is impossible to reconcile such an explanation with the natural promptings of self-interest, and the usual methods which govern the business world.

The defendant, it is shown, in a spirit of compromise sought to adjust his differences with the plaintiff. He explains that he was working for Hubert E. Foster's father and that he was prompted to seek a settlement through fear of losing his position, but that he at no time admitted his indebtedness to plaintiff. He testifies that when he paid the $175, it was in full for the balance he owed, and that together with the $5,000 mortgage security, plaintiff returned to him the note in contest. He admits that he could not find this note, nor the check he had given for the $175 in full payment of the balance on his debt. He ascribes his inability to locate these papers to the fact that, after they had been issued, he had moved to New Orleans and Crowley, and had lost them in moving from one place to the other.

The district judge evidently accepted the explanation so given by defendant, sustained the plea of payment, and rejected the demand. The testimony of defendant is so strongly corroborated by the fact that the $5,000 mortgage note was re-

turned to him, and the circumstances of the case to which we have hereinabove referred, that we are unable to find any error in this conclusion of fact by the trial court.

The judgment is therefore affirmed.